a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADAM COMEAUX, Petitioner | CIVIL ACTION NO. 1:20-CV-0063-P |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner Adam Comeaux ("Comeaux") (#112373). Comeaux is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Comeaux challenges his life sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because Comeaux's claim are without merit, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Comeaux was indicted by a grand jury in separate counts of first-degree murder in violation of La. R.S. 14:30. *State v. Comeaux*, 514 So.2d 84, 86 (La. 1987). The victims were two sisters, 63-year-old Ida Voiselle and 72-year-old Ruby Voiselle Smith, who lived in Alexandria. A third sister requested the police to check on them after they failed to respond to telephone calls and knocking on their door. *State v. Comeaux*, 93-2729 (La. 7/1/97, 2); 699 So.2d 16, 18. Upon arrival, the police found bloodstains on the rear door, a side window screen torn and removed, and a broken

window pane with pieces of glass on the ground. *See id.* There was blood on the pieces of the broken glass pane still attached to the window. In the dining room, they found Voiselle's body, face down in a pool of blood. *See id.* A short distance away, in a bedroom next to the bed, they found the almost completely nude body of Smith, lying face up in a pool of blood. *Id.*

After a jury trial, Comeaux was found guilty as charged on each count. *See Comeaux*, 514 So.2d at 86. The jury unanimously recommended that a sentence of death be imposed for each murder, and the trial judge sentenced Comeaux to death in accordance with the recommendation of the jury. *Id.*

The Louisiana Supreme Court affirmed the convictions, but vacated the death sentences and remanded the matter to the district court for a new penalty hearing. *Id.* at 99. On remand, Comeaux was again sentenced to death on each count. The sentences were subsequently affirmed. *See Comeaux*, 699 So.2d at, *cert. denied*, 522 U.S. 1150 (1998).

The trial court granted Comeaux's motion to correct an illegal sentence because he was mentally incapacitated and could not be executed per *Atkins v. Virginia*, 536 U.S. 304 (2002). Comeaux's sentences were commuted to concurrent sentences of life at hard labor, without benefit of probation, parole, or suspension of sentence. *State v. Comeaux*, 2017-682 (La.App. 3 Cir. 2/15/18); 239 So.3d 920, 923–24, *writ denied*, 2018-0428 (La. 1/14/19); 261 So.3d 783.

Comeaux filed a new motion to correct an illegal sentence alleging that his sentences were illegal and unconstitutional under the ruling in *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited a sentencing scheme that mandated a life sentence without the possibility of parole for those under the age of eighteen at the time of the commission of a homicide. *See id.* at 924. The district court initially stayed the proceedings until it could be determined whether *Miller* applied retroactively. The district court subsequently denied the motion, relying on the Louisiana Supreme Court's decision in *State v. Tate*, 12-2763 (La. 11/5/13), 130 So.3d 829, *cert. denied*, 527 U.S. 1137 (2014), *abrogated by Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), which found the decision in *Miller* did not apply retroactively.

Comeaux filed another motion to correct an illegal sentence, which was denied as moot and untimely. *Comeaux*, 239 So.3d at 924.

Comeaux filed a third motion to correct an illegal sentence citing the United States Supreme Court ruling in *Montgomery*, which found that *Miller* announced a new, substantive constitutional rule that was retroactive on state collateral review. *See id.* Comeaux sought to be resentenced to the penalty for manslaughter, moved for the appointment of counsel, and asked for investigators and experts to secure evidence required for a hearing. *Id.* A hearing on the motion was held on March 27, 2017, and the district court resentenced the Comeaux to life imprisonment with the possibility of parole. *Id.*

Comeaux appealed, asserting five assignments of error through counsel and five *pro se* assignments of error. The Louisiana Third Circuit Court of Appeal affirmed the sentences of life with the possibility of parole, finding that a state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. *See id.* at 936 (citing *Montgomery*, 136 S.Ct. at 736). The appellate court noted that the United States Supreme Court did not categorically declare that no juvenile homicide offender could be sentenced to life without benefit of parole. It concluded that life without parole is still a constitutionally acceptable sentence for juveniles convicted of first-degree murder. *See id.*

The appellate court also concluded: "By way of the 2017 amendments to La. Code Crim. P. art. 878.1 and La. R.S. 15:574.4, the Louisiana Legislature has now specifically applied those provisions to the Defendant and ratified the decision of the district court granting the Defendant parole eligibility." *Id.* 239 So.3d at 939. Thus, the appellate court found that Comeaux's sentence of life with the possibility of parole was legal under federal and state law.

The appellate court also denied the ineffective assistance of counsel claims, as Comeaux could not show that his attorney's performance at the resentencing was deficient. *Id.* at 943. Comeaux was sentenced to death twice, and those sentences were commuted to life imprisonment with the possibility of parole. Comeaux could

4

not show that, but for counsel's errors, there was a reasonable probability his sentences would have been significantly less harsh. *See id.*

The appellate court affirmed the modified sentence of life with the possibility of parole. The Louisiana Supreme Court denied writs. *State v. Comeaux*, 2018-0428 (La. 1/14/19); 261 So.3d 783. Comeaux filed his § 2254 Petition 364 days later.

II. Law and Analysis

A. The Court must conduct a deferential review under 28 U.S.C. § 2254.

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that the applicant is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings or to substitute its own opinions for the determinations made by the trial judge. *See Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a

5

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001). Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's claim has been "adjudicated on the merits" in state court; if it has, AEDPA's highly deferential standards apply. *See Davis*, 135 S. Ct. at 2198 (citing *Richter*, 562 U.S. at 103).

When a federal claim has been presented to a state court and the state court has summarily denied relief without a statement of reasons, it may be presumed that the state court adjudicated the claim on the merits, in the absence of any indication or state law procedural principles to the contrary. *Richter*, 562 U.S. at 99. A habeas court must determine what arguments or theories supported, or could have supported, the state court's decision, and whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See Richter*, 562 U.S. at 102. Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at

a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal habeas court making the unreasonable application inquiry should determine whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously. Rather, a court must conclude that such application was also unreasonable. *See Martin*, 246 F.3d at 476. An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *see also Davis*, 135 S. Ct. at 2199 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

    B.    <u>Comeaux's sentence does not conflict with the Supreme Court's decisions in *Miller* or *Montgomery*.</u>

As discussed at length by the appellate court, in *Miller*, the Supreme Court held that a mandatory life sentence without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment if the offender was under 18 years of age at the time the offense was committed. *See Miller*, 567 U.S. at 465. *Miller* did not prohibit a court's ability to impose a life sentence without parole. Rather, *Miller*

7

held that, before sentencing a juvenile offender to life without parole, the court must consider how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. *Id.* at 480.

Comeaux's sentence was amended to include the possibility of parole. Thus, his sentence is not unconstitutional under *Miller*. In fact, as pointed out by the appellate court, the *Montgomery* Court said that a state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. 136 S. Ct. at 736. The court further noted that allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment. *Id.* Thus, Comeaux's sentence is in accord with federal law and the state's application was not unreasonable.

### C. Comeaux was not deprived due process.

Comeaux's claim that he did not receive "fair notice" of what sentence the state expected him to serve is meritless. The elements of first-degree murder have not changed. The only change in the law is that the trial court can now allow a juvenile defendant to have the possibility of parole. After *Miller* and *Montgomery*, Comeaux's sentence was amended to allow the possibility of parole. The trial court rejected Comeaux's fair notice claim, and Comeaux cannot show how that decision was contrary to or involved an unreasonable application of federal law.

Comeaux also contends there was a violation of the *ex post facto* clause. An *ex post facto* law is "a law that applies retroactively, especially in a way that negatively affects a person's rights, as by making into a crime an action that was legal when it was committed or increasing the punishment for past conduct." Black's Law Dictionary (11th ed. 2019). Article I, Section 10 of the United States Constitution and Article I, Section 23 of the Louisiana State Constitution prohibit *ex post facto* application of the criminal law by the state.

"The focus of the *ex post facto* inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable." *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790; *State ex rel. Olivieri v. State*, 00-0172 (La. 02/21/01), 779 So.2d 735, *cert. denied*, 533 U.S. 936 (2001). There is no *ex post facto* violation here. Comeaux's sentence was decreased, not increased, as a result of the Supreme Court's decisions. Thus, the new law has not negatively affected Comeaux's rights, and the appellate court's finding was not an unreasonable application of federal law.

### D.   Comeaux cannot show ineffective assistance of counsel.

The state court applied *Strickland v. Washington*, 466 U.S. 668 (1984) to Comeaux's ineffective assistance of counsel claim. To satisfy *Strickland*, a claimant must prove that counsel's performance was deficient, which requires showing that serious errors were made such that counsel was no longer functioning as the "counsel" guaranteed by the Sixth Amendment. *Comeaux*, 239 So.3d at 940 (citing *Strickland*,

9

466 U.S. at 687). Second, a claimant must prove that he was prejudiced by counsel's deficient performance. *See id.* If a court finds that the petitioner has made an insufficient showing as to either of the two prongs of inquiry, it may dispose of the ineffective assistance claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

The appellate court stated that counsel's errors at sentencing have only prejudiced a defendant when "'there is a reasonable probability that the defendant's sentence would have been significantly less harsh. . . .'" *Comeaux*, 239 So.2d at 941 (internal citations omitted). The court further stated that, "'[p]rior to making this determination, the trial judge should consider 'such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances.'" *Id.* "And of course the trial judge who imposed the sentence initially is uniquely situated to determine whether any errors by counsel at sentencing would have resulted in a substantially less harsh sentence." *Id.*

A reviewing court must always "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland*, 466 U.S. at 689.

The appellate court found that Comeaux "cannot prove counsel's performance at resentencing was deficient," or that, but for counsel's errors at the resentencing

10

hearing, there was a reasonable probability that Comeaux's sentences would have been significantly less harsh. *Id.* at 943. In fact, the court found "the likelihood of the trial court departing from the mandatory sentences in this matter is nil." *Id.*

*Miller* provided that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, and does not require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. *Montgomery*, 136 S.Ct. at 736. The trial court imposed a life sentence with the possibility of parole. Thus, Comeaux did not have a right to present mitigating factors, and his attorney was not ineffective in failing to present them at the resentencing.

### III. Conclusion

Because Comeaux's claims are without merit, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE